**CORRECTED 4/18/2011**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TAHIRA BIBI SHAH, | Nos. 08-70520 |
| Petitioner, | 09-73129 |
| v. | Agency No. A070-344-114 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of Orders of the
Board of Immigration Appeals

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

In these consolidated petitions for review, Tahira Bibi Shah, a native and

citizen of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA")

order denying her motion to reopen to apply for adjustment of status, as well as the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

BIA's prior order dismissing her appeal from an immigration judge's ("IJ") decision denying her application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). In 08-70520, we dismiss the petition for review, and in 09-73129, we deny in part and dismiss in part the petition for review.

We lack jurisdiction to review the agency's discretionary determination that Shah failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). We also lack jurisdiction to review Shah's contention that the IJ abused her discretion and violated due process by denying a continuance because she failed to exhaust these contentions before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

The BIA did not abuse its discretion in denying Shah's motion to reopen as untimely because it was filed over 90 days after the final administrative order, and she did not establish that an exception to the filing deadline applies. *See* 8 C.F.R. § 1003.2(c)(2)-(3).

We do not consider Shah's contention that the BIA should have reopened

proceedings under its sua sponte authority because she failed to make this request

before the agency.  *See Barron*, 358 F.3d at 678.

**In No. 08-70520: PETITION FOR REVIEW DISMISSED**.

**In No. 09-73129: PETITION FOR REVIEW DENIED in part; DISMISSED in part.**